In The United States District Court
For The Western District of Virginia

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 20 2020

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

Pg 1 of 9

GARY HANCOCK
        Plaintiff

                    Civil Action No. 7:20CV225

    v.

NANCY SMITH; (NURSE) PARKER;
SAYLOR; JOHN DOE
            Defendants

## COMPLAINT WITH JURY DEMAND

Comes now the plaintiff, pro se, Filing this Civil action pursuant to Bivens, 403 U.S. 388 (1971), alleging denial of Medical care and Treatment in violation of The 8th Amendment to the United States Constitution. All incidents in this complaint took place at the Federal Penitentiary in Lee County Virginia.

### Parties

1. Nancy Smith is a health care provider at United States Penitentiary Lee County (U.S.P Lee). She is sued in her individual capacity.

2. (Nurse) Parker is a health care provider at U.S.P. Lee. He is sued in his individual capacity.

3. Saylor (First Name unknown) is the Health Services Administrator at U.S.P. Lee. She is sued in her individual capacity.

4. John Doe is the regional or local health care

offical, or otherwise, claimed by defendant Parker to have denied plaintiff outside, (of jail) Medical care that was ordered by regional doctor. He/she is sued in individual capacity.

## Facts

5. Plaintiff arrived at USP Lee in approximately late April early May 2018.

6. Since arriving at U.S.P. Lee plaintiff has had Major health problems which he has been denied Medical care, diagnosis, and Treatment For.

7.    A. Digestive Disorder

7. Upon arriving at U.S.P. Lee, plaintiff began Complaning, to defendants Smith and Parker, of extreme lower right abdominal pain wich radiates to lower right back.

8. Medical records will show Multiple Sick-Call visits Complaining of this issue.

9. Defendant Smith ordered plaintiff to purchase Stool Softeners, laxatives, Pain pills, and Fiber therapy From commissary to treat painFull Condition. All of these Over the Counter (OTC) Meds instruct patient to stop use after a week or two and see doctor if Symptoms persist.

10. Plaintiff revisited Defendant at Sick-call Multiple times Complaining that OTC Meds were

not working. On one occasion defendant Smith laughed at the plaintiff, sarcastically telling him to "buy plenty of ibuprofen", showing deliberate indifference to the serious medical needs of plaintiff.

11. Smith, at one point, ordered an abdominal X-Ray which was unable to diagnose source of plaintiff's excruciating pain. Plaintiff continued to seek further diagnostic measures by gastro-intestinal doctor. Smith continued to deny plaintiff access to a doctor of any sort to diagnose plaintiff's condition. Smith is a nurse and unqualified to diagnose any medical condition. U.S.P. Lee has not had a doctor on its medical staff for plaintiff's entire stay.

12. At one sick-call visit, plaintiff told Smith "I need to see a doctor". She replied "I am the doctor".

13. Plaintiff has languished in poor health and excruciating pain for nearly two years requesting and waiting for doctor-level care and treatment.

14. On October 19, 2019, Plaintiff went into protective custody in the Special Housing Unit (SHU). Since being in SHU, plaintiff has submitted sick-call requests to defendant Parker a couple of times per month requesting treatment for this same medical condition. Parker makes sick-call rounds most mornings in SHU, and hasn't had plaintiff removed from his cell one time to be evaluated or diagnosed by doctor.

4 of 9

15. Defendant Saylor makes rounds in the SHU a couple times a month. She supervises the entire Medical department. On 3 separate occasions plaintiff has given Ms. Saylor written requests saying that he was in extreme pain and being denied access to a doctor to diagnose his condition. Her inaction provided tacit authorization to subordinate staff to continue denying plaintiff access to a doctor.

16. On January 14, 2020, a doctor from the F.B.O.P. Mid-Atlantic Regional Office visited the SHU at USP Lee. Plaintiff was removed from cell to see doctor for his seizure disorder. After ensuring that plaintiff's seizure disorder was stable, she asked if plaintiff had any other problems. Plaintiff told her how much he had been suffering from extreme abdominal pain. She ordered that plaintiff have an "offsite" abdominal ultrasound to diagnose source of pain. Medical record will show this order. (See Exhibit 1)

17. USP Lee Medical staff has refused to follow the doctor's order for plaintiff's ultrasound, denying him access to diagnostic proceedure that has been prescribed by a doctor in violation of his 8th Amendment constitutional rights.

18. In approximately Mid-March 2020, Parker told plaintiff that his offsite abdominal ultrasound had been denied by the Regional Doctor. This may or may not be true, but the John Doe defendant is the regional or local official responsible for denying plaintiff the ultrasound ordered by the doctor on 1/14/20.

5 of 9

19. On Thursday March 19, 2020 at approximately 12:30 pm, plaintiff had a medical emergency in SHU. His abdominal/back pain had gotten so bad that he was having trouble walking and moving around cell. Plaintiff pressed the duress button in his cell and SHU staff responded. Plaintiff explained that he was having sharp abdominal pains that got worse when he put weight on his right leg. SHU staff forcefully removed plaintiff from cell, forcing him to walk backwards and bent at the waist unnecesarily causing him more pain.

Medical staff came to SHU due to medical emergency. A superficial examination was performed by an unqualified health services nurse (new employee) and an OTC laxative was given to plaintiff which did not help.

Plaintiff was forced to lay in bed for 5 days without eating anything before pain subsided.

20. To the present, plaintiff continues to be denied medical treatment for this painful condition.

B. Denial of Seizure Medication

21. For approximately 6 months prior to plaintiff coming to SHU, Defendant Smith refused to re-start plaintiff's seizure medication.

22. Prior to being denied medication, plaintiff voluntarily signed refusal to take seizure medication. Plaintiff doesn't like to take meds unless necessary, and when he was younger he went without taking his seizure meds with no complications. However, after stopping

Meds, plaintiff began to experience Seizures, Twitches, Jerks, and **brief** lapses in consciousness which Compromised his Safety in the prison setting.

23. Approximately Mid-2019 plaintiff began requesting his seizure medication from defendant smith. Plaintiff told Smith of symptoms and she told plaintiff that his symptoms were not seizures, even writing this in Medical **records**

Plaintiff continued to visit sick-call to request Meds and in several encounters in prison Corridors plaintiff asked Smith to re-start Seizure Meds. She refused.

24. While in SHU plaintiff threatened Smith With civil lawsuit and she finally orded an OFF site EEG to diagnose plaintiff's seizure disorder. EEG was Conducted at the end of December 2019. Medical records will show exact date of EEG and abnormal results indicating Seizure disorder.

25. Seizure Meds were restarted in January 2020 after over 6 Months of plaintiff begging For Seizure Meds.

## Claims For Relief

26. Defendant Smith's refusal to give plaintiff access to doctor-level diagnosis and treatment of painful abdominal condition, after frequent Sick-call visits and complaints that OTC Meds were not working, Constituted deliberate indifference to the serious Medical needs of the plaintiff in violation of plaintiff's 8th Amendment Constitutional Rights.

7 of 9

27. Defendant Smith's refusal to restart plaintiff's seizure medications, after he renewed his request for treatment by requesting meds, constitutes an unconstitutional delay in treatment in violation of plaintiff's 8th Amendment Constitutional rights.

28. Defendant Parker's refusal to give plaintiff access to doctor after submitting several sick-call requests, while in SHU; and failing to have plaintiff examined in any way constitutes deliberate indifference to the serious medical needs of plaintiff in violation of 8th Amend. to U.S. Constitution.

29. Defendant Saylor's refusal to take action to ensure that plaintiff recieved doctor-level care; and to ensure that his offsite abdominal ultrasound was scheduled, as ordered by the regional doctor gave tacit authorization to subordinates to continue to deny plaintiff medical care. This constituted deliberate indifference to the serious medical needs of the plaintiff in violation of 8th Amend.

30. Actions of John Doe in refusing to approve or schedule plaintiff's doctor-ordered offsite abdominal ultrasound constituted deliberate indifference to the serious medical needs of the plaintiff in violation of 8th Amend. to U.S. Constitution.

31. Actions of all defendants in forcing me to suffer for years with an extremely painfull bowell/abdominal/back condition, and months of seizures without medical treatment violated

plaintiff's 8th Amend. rights to be free from cruel and unusual punishment.

The worsening of plaintiff's condition in two years without treatment constituted a serious physical injury.

## Relief Requested

### A. Declatory Relief

32. Plaintiff asks Court to issue a declatory judgement declaring that the actions of all defendants constituted deliberate indifference to the serious medical needs of the plaintiff in violation of the 8th Amendment to the U.S. Constitution.

### B. Injunctory Relief (Preliminary)

33. Plaintiff asks that the Court issue a preliminary injunction ordering defendants to schedule offsite abdominal ultrasound, and any other tests or proceedures recommended by offsite doctor.

### C. Damages

34. Issue Compensatory, Punitive, and nominal damages jointly and severally against all defendants for the physical injuries, Mental/emotional/psychological injuries, and Constitutional injuries caused by defendants' actions and inactions, in the total amount of:

$ 1,500,000 (or amount Court/Jury deems appropriate)

9 of 9

I, Gary Hancock, declare under
penalty of perjury that the foregoing
is true and correct, except as to those
matters that are stated to be based on
information and belief, and as to those
matters, I believe them to be true.

4/16/20

Gary Hancock 56765-037
U.S.P. Lee
P.O. Box 305
Jonesville, VA 24263

Case 7:20-cv-00225-JPJ-PMS    Document 1    Filed 04/20/20    Page 10 of 11    Pageid#: 10



Gary Hancock 56765-037
United States Penitentiary
P.O. Box 305
Jonesville, VA 24263

KNOXVILLE
17 APR 2020

Legal
Mail

Clerk, United States District Court
210 Franklin Road, SW, Ste, 540
Roanoke, VA 24011-2208

24011-221499

